No. 2065.
First Circuit

---

E. L. CLARK v. JOSEPH D. O'BANION.

(December 8, 1925. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Bills and Notes—Par. 222.**

The burden of proof of a special defense of part payment of a note is on the defendant who makes the plea.

2. **Louisiana Digest—Costs and Fees—Par. 4, 5.**

Where one seeks to compel another to pay more than he owed him, thus making it necessary for the defendant to enjoin the sale of his property, the plaintiff is liable for the costs occasioned by the injunction.

Appeal from the Thirteenth Judicial District, Parish of Evangeline, Hon. B. H. Pavy, Judge.

This is a suit by which the plaintiff obtained executory process on a mortgage note. The defendant enjoined the sale of property, claiming credits due him on the note. There was judgment allowing credits and perpetuating the injunction as to those credits. Plaintiff appealed. Judgment amended and affirmed.

S. W. Gardiner of Ville Platte, attorney for plaintiff, appellant.

M. C. Preschel of Ville Platte, attorney for defendant, appellee.

ELLIOTT, J. E. L. Clark sued out executory process against Joseph D. O'Banion on a mortgage note for $600.00 signed by O'Banion and secured by mortgage on the property described in the petition.

J. D. O'Banion enjoined the sale on the ground that the note had been paid.

It was established on the trial that defendant, O'Banion, had sold and delivered to Clark a tract of land situated in Rapides Parish, for the price of $350.00, to be credited on said note; but the evidence showed that Clark was compelled to expend $196.45 clearing the land of encumbrances imposed thereon by O'Banion; and in paying delinquent taxes due by him on the land before it was acquired by Clark.

This sum deducted from $350.00 leaves $153.35 for credit on said note.

O'Banion at the same time sold Clark a cow, the price of which was to be credited on said note.

O'Banion and his brother say the price of the cow was $175.00; but Clark and the officer before whom the sale of the land was executed say that it was $125.00.

The burden of proof in this respect is on O'Banion; so we take the price of the cow to be $125.00; which, added to the net price of the land, makes $278.55. This sum must be credited on the note.

A further credit of $100.00 claimed by O'Banion is not satisfactorily established, and is therefore disallowed.

Clark sought to compel O'Banion to pay more than he owed him on the note, consequently O'Banion was compelled to enjoin the sale which Clark obtained an order for. The injunction was properly perpetuated to the extent stated. Clark is therefore liable for all the cost occasioned by O'Banion's resort to said injunction.

The defendant, O'Banion, has not made any appearance in this court, although he is the appellant.

We will therefore tax the cost of this appeal against him; but all the cost occasioned by the injunction is taxed against Clark.

As thus corrected and amended, the judgment appealed from is affirmed.